# SUPREME COURT.

JOHN C. STRONG, appellant, agt. JAMES F. EIGHME and others, respondents.

*A county court has jurisdiction* of an action to *foreclose a mortgage*, which contains, in addition to the premises described and situated in its own county, lands described and situated in another county.

*Fourth Judicial Department, January Term*, 1871.
*Present,* MULLIN, *P. J.,* TALCOTT *and* JOHNSON, *JJ.*

APPEAL from a judgment of the county court of Erie county, dismissing the complaint for want of jurisdiction.

JOHN C. STRONG, *in person, appellant.*

The Code confers a general jurisdiction on the county court for the foreclosure of a mortgage, and the sale of the mortgaged premises situated within the county, and the court of appeals have decided the jurisdiction to be constitutional and valid. (*Code,* 530; *Benson* agt. *Cromwell,* 6 *Abb.,* 83; *Arnold* agt. *Rees,* 17 *How.,* 35; 18 *N. Y.,* 57; 16 *N. Y.,* 80.)

I. The complainant, in this case only asks the foreclosure of the mortgage upon the lands therein specified in Erie county. There is no qualification whatever to the general jurisdiction conferred on the county court.

2. The defendant Umlauf, the only one who has answered in the case, reads this statute confirming general jurisdiction with this qualification: "If the mortgage sought to be foreclosed also covers land in another

county, the county court has no jurisdiction to order a sale of the lands in Erie county."

3. There is no such qualification in the statute. It is not an act of construction to insert it, but an act of legislation.

4. Suppose I loan a man $10,000, and take his mortgage upon a house and lot in Buffalo, and also on his house and lot in Fort Erie across the river, in Canada. If I cannot foreclose upon the house and lot in Erie county because the mortgage also covers property in Canada, the mortgagee is remediless. For Canada is as much a foreign jurisdiction to the supreme court, as another county is to the county court. If the position taken in this case is sound, it would follow that neither in the American or Canadian courts could the mortgage be foreclosed at all.

II. The equities of the plaintiff are all admitted. The defendant Umlauf, the only defendant who answers, has shown no standing in court giving him a right to raise any question whatever in the case.

1. His answer is a virtual judgment creditor's bill against his co-defendant, Isaac Eighme. He does not show that he ever issued any execution against his judgment-debtor, Isaac Eighme, or had acquired in any way an equitable lien upon his assets.

*a.* He avers that when he recovered his judgments Isaac Eighme was in the possession of the lands and premises covered by the plaintiff's mortgage. Then he avers he was the equitable owner of the same. These are all his averments against his judgment debtor, Isaac Eighme.

*b.* He does not aver that Isaac Eighme ever held the legal title to the lands, or that his judgments were ever a lien thereon, or that he ever has acquired or taken the legal steps to acquire a lien upon the equitable interests of Isaac Eighme, which are the only ones he pretends he has in the lands covered by the plaintiff's mortgage.

III. The foreclosure in the county court would give full

and perfect relief according to the rights of all parties. It would be a bar against any second foreclosure of this mortgage upon the lands it covers in Cattaraugus county. The plaintiff, in such a case, will never foreclose his mortgage in the county court, except where the lands in the county are, in his judgment, as in this case, a fair and adequate security for the mortgage money. (16 *Johns.*, 136 ; 15 *Johns.*, 229 ; 1 *Wend.*, 487 ; 8 *Wend.*, 492 ; *Smith's Leading Cases*, 669 ; 42 *Barb.*, 270.)

1. The finding of the judge shows the whole amount of the mortgage money is due, and of course any second suit for the foreclosure of the same mortgage would be barred.

We submit, therefore, the learned judge erred in dismissing the plaintiff's complaint.

S. P. PERKINS, *for respondent.*

I. The county court was correct in deciding to dismiss the plaintiff's complaint in this action, because,

1. The mortgage in suit, covers real estate situate in two different counties of this state, only a portion of which is situate in the county of Erie, where alone said Erie county court has jurisdiction in any matter, suit, or proceeding.

2. Because county courts of this state, are courts of limited jurisdiction, all their powers and duties are carefully defined and prescribed by statute. This court has no *original common law* jurisdiction whatever. Section 30 of the Code of Procedure, carefully limits and defines, in what particular actions and proceedings, the county court of each of the several counties of this state can exercise its jurisdictional functions. It will be seen by a reference to this section of the Code, that the powers and jurisdiction of this court, as separately defined, in each and all of the thirteen subdivisions of said section, are co-extensive only with the limits of the county.

3. Because by the third subdivision of said section 30 of.

the Code, county courts are specifically limited in actions to *foreclose* and *satisfy mortgages*, to mortgaged premises lying or situated *within* the county, and the collection of any deficiency of *the mortgage* remaining unpaid after the sale of *the mortgaged* premises, that is, the premises within the county, and not out of it, clearly.

4. Because it was clearly the intention of the law making power, in thus limiting and defining the power and territorial jurisdiction of this court, to erect a barrier, which would serve to prevent any clash or conflict of jurisdiction, not only between the several county courts of this state, but also between it and those courts exercising original jurisdiction.

5. Because in the case at bar, the mortgage in suit, contains a clause which at once calls upon the court to make a decree affecting property described in the mortgage outside the limits of Erie county. To illustrate, suppose in the light of this *clause* contained in the mortgage referred to, that the county court of Erie county had decided that it had *jurisdiction* to entertain said action, and had gone on to make a decree in accordance with the terms and conditions therein contained? What would it have been? Why, most certainly, it would have decreed in the *first* place, a foreclosure and sale of the premises lying in *Erie county*; and *secondly*, that before the lands in Erie county could be sold under such decree, the appellant must first go into *Cattaraugus* county, and there invoke the jurisdiction of some competent judicial tribunal, to grant him a decree of foreclosure and sale of the premises situated in the latter county, first described in said mortgage, and to sell the same at a judicial sale under such decree as he might obtain, and for the best price it would bring; and then, *thirdly*; that if there should remain any deficiency after such sale, he would be permitted to resort to the sale of the premises secondly described in said mortgage, situate in Erie county; and then *fourthly*, after the sale of the last parcel named if

there still remained a deficiency, the appellant would be allowed to sell the last parcel described in said mortgage and so on, until all the mortgaged premises were exhausted; and lastly, if there still remained a deficiency a judgment over of course against the maker of the bond for the amount ascertained on the coming in of the report of the referee for confirmation.

II. The county court, being therefore a court of limited jurisdiction and powers, can only act within certain prescribed limits created by statute. By section 14, of article 6, of the constitution of this state, it is provided, that county courts shall have such jurisdiction as the legislature may prescribe; but shall have no original civil jurisdiction except in certain special cases. The special cases are limited and defined by section 30 of the Code *cited*, therefore,

1. By subdivsion three of said section 30, it is clear that in all cases, where lands described in one mortgage, are situated in different counties of the state, the county court of neither of the counties in which any of these parcels are situated, have no jurisdiction to entertain an action brought to foreclose said mortgage. It is claimed by the appellant, that in a case where one mortgage covers for instance, one parcel of land in Erie county, another in *Monroe*, and still another in *Cattaraugus* county, that the county courts of these several counties would each have jurisdiction to entertain an action to foreclose said mortgage, so far as the same related to the lands and premises situated within the limits of their respective counties. In other words, that the mortgagee has a right in such a case, to bring as many *actions* to foreclose his mortgage, as there are different counties containing lands covered by it, and hence

2. It would follow as a matter of course, that the party in such a case could, and indeed would, be entitled to recover as many bills of cost, as he had suits. It is clear then,

3. That such an exercise of power and jurisdiction on the part of county courts, would be in direct conflict with the

intention of the law making power, as well as contrary to *public policy*.

III. It will not be claimed by the appellant in the case at bar, that by the foreclosure and sale of the lands embraced in the mortgage in suit, lying in *Erie county*, that he thereby *abandons* and *waives* his *lien* on the lands in *Cattaraugus* county, embraced also in the same mortgage—neither can it be claimed as a matter of law, that a judgment in foreclosure of the lands in the former county, would operate as a bar to the foreclosure and sale of the lands in the latter (Cattaraugus) county, for any deficiency which should be found, after the sale of the premises *in* the former county.

1. There is no claim or pretense set up in the appellant's complaint, nor was it claimed on the trial that he had, by commencing his action to foreclose on the lands in Erie county alone, thereby *waived* or *abandoned* his *lien* upon the lands embraced in said mortgage lying in *Cattaraugus* county.

2. The appellant claimed and insisted on the trial of this action that as a matter of law, he had a right to foreclose his mortgage in each and both of said counties, in the county courts thereof, or in the supreme court as he might elect.

IV. The supreme court, is the only court of this state which has jurisdiction to entertain an action to foreclose a mortgage which embraces and covers lands lying in *more* than *one* county. By section 123 of the Code, the trial must be had in the county where the subject, or *some part thereof* is situate. By section 132 of the Code, it provides for filing *notice lis pendens* in *every county* in which real property affected by the action is situated—and particularly refers to foreclosure of mortgages.

V. It is well settled that these statutes regulating and defining the powers and jurisdiction of county courts in this state, must be strictly construed in all cases.

VI. By section 148 of the Code, an objection to the *jurisdiction* of the court, can always be taken on the trial of the action.

We, therefore, claim that the judgment in this action should be affirmed, with costs.

VII. On appeal, the respondent is entitled to the benefit of any presumption which will uphold the decision in the court below. (*Mead* agt. *Bunn*, 32 *N. Y.*, 275 ; *Carman* agt. *Pultz et al.*, 21 *N. Y.*, 547 ; *Grant* agt. *Morse*, 22 *N. Y.*, 323 ; *Hoyt* agt. *Hoyt*, 8 *Bosw.*, 511 ; *President, &c. of Lee Bank* agt. *Satterlee*, 4 *Robts.*, 1.)

*By the court*, TALCOTT, J.—The complaint in this action was upon a mortgage, described as covering certain lands in Erie county, and sought a foreclosure and sale of the same, in the usual form, without stating that the mortgage embraced any other lands. One Umlauf, made a party defendant as a judgment creditor, alone answered, but did not allege that the mortgage covered other lands than those specified in the complaint, or claim any rights upon which that circumstance has any material bearing.

On the trial it appeared that the mortgage also covered certain lands in Cattaraugus county. Whereupon, and as is stated in the judgment, " for that reason solely," the complaint in the action was dismissed upon the ground that the court had no jurisdiction to entertain the action or grant the usual decree of foreclosure. In this we think the court below erred. As the constitution now stands the county courts have such original jurisdiction as may be conferred upon them by the legislature.

The legislature has, with others, conferred upon the county courts by the 30th section of the Code, the following jurisdiction, viz.:

" 3. The foreclosure or satisfaction of a mortgage, and the sale of mortgaged premises, situated within the county, and the collection of any deficiency on the mortgage remaining unpaid, after the sale of the mortgaged premises."

Where the plaintiff seeks a strict foreclosure and a part of the mortgaged premises are situated within the county,

or where he desires only a sale of the premises situated within the county, although the mortgage may embrace other premises, we do not see why the county court has not jurisdiction within the above provision of the Code, and the section 123 regulating the place of trial. The provision above quoted may well be supposed to have contemplated the exercise of such jurisdiction, as the limitation is not to entertain suits for the foreclosure and satisfaction of mortgages upon lands situated within the county, but that power is left general, while the restriction to lands in the county is confined to the power of sale.

If the plaintiff is willing to resort only to the lands situated in the county for the satisfaction of the mortgaged debt, and there are no reasons rendering such a resort, in the first instance, inequitable, we do not see why he may not do so In such case he will not be entitled to a decree over, against the person for a deficiency arising on the sale, as such decree can only be granted after a sale of all the lands covered by the mortgage. He cannot, after having obtained a decree in such case, commence another action upon the same mortgage in another county court, or in the supreme court, for to such an action a plea of *transit in rem judicatam* would be an answer. If any reasons exist rendering a resort to the lands lying within the jurisdiction of the court in which the action is commenced, in the first instance inequitable, as the court in such case, could not give the relief to which the defendant would be entitled, the action must be dismissed, and in such case, as a general rule, at the plaintiff's expense, but without prejudice.

We observe that the respondent states in his points, that the mortgage in question, expressly provides, that the Cattaraugus lands shall be first sold before a resort can be had to the lands in Erie county, but this fact no where appears from the record, and we cannot go out of the record for the facts. The judgment of the county court must be reversed and a new trial ordered, costs to abide the event.